NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUN 11 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| STEVEN DARBY McDONALD, | No. 19-35246 |
| Plaintiff-Appellant, | D.C. No. 3:17-cv-05013-RBL-DWC |
| v. | |
| KENNETH LAUREN, M.D., Medical Director, MCC/WSR; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Western District of Washington
Ronald B. Leighton, District Judge, Presiding

Submitted June 2, 2020[**]

Before:     LEAVY, PAEZ, and BENNETT, Circuit Judges.

Washington state prisoner Steven Darby McDonald appeals pro se from the

district court's order denying his motion for a preliminary injunction in his 42

U.S.C. § 1983 action alleging deliberate indifference to his serious medical needs.

We have jurisdiction under 28 U.S.C. § 1292(a)(1). We review for an abuse of

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

discretion. *Jackson v. City & County of San Francisco*, 746 F.3d 953, 958 (9th Cir. 2014). We affirm.

The district court did not abuse its discretion by denying McDonald's motion for a preliminary injunction because McDonald failed to demonstrate that such relief is warranted. *See id.* (plaintiff seeking preliminary injunction must establish that he is likely to succeed on the merits, he is likely to suffer irreparable harm in the absence of preliminary relief, the balance of equities tips in his favor, and an injunction is in the public interest).

The district court did not abuse its discretion by denying McDonald's motion to amend or make additional factual findings because McDonald failed to demonstrate any basis for such relief. *See Far Out Prods., Inc. v. Oskar*, 247 F.3d 986, 998 (9th Cir. 2001) (standard of review and grounds for relief under Fed. R. Civ. P. 52(b)).

The district court did not abuse its discretion by denying McDonald's motion for supplemental briefing. *See Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607 (9th Cir. 1992) (district court has broad discretion to manage its docket).

To the extent that McDonald seeks to challenge other interlocutory orders of the district court, we lack jurisdiction to consider them in this appeal. *See Nat'l Wildlife Fed'n v. Nat'l Marine Fisheries Serv.*, 886 F.3d 803, 825 (9th Cir. 2018)

19-35246

("Orders relating to discovery . . . are orders that regulate the conduct of litigation and are not appealable under § 1292(a)(1).").

We reject as without merit McDonald's contentions that the district court was biased, and that he was entitled to a hearing on his motion for a preliminary injunction.

We do not consider McDonald's renewed request for appointment of counsel set forth in his opening brief. In Docket Entry No. 39, this court denied McDonald's motion for appointment of counsel and ordered that no motions for reconsideration, clarification, or modification of the denial shall be filed or entertained.

McDonald's pending motions (Docket Entry Nos. 46, 47, and 52) are denied.

**AFFIRMED.**